UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT E. JOHNSON,

                              **Plaintiff,**

   vs.                                                    1:19-CV-685
                                                                (MAD/DJS)

KEVIN PRUE, *Dutchess County Public Defender*; DUTCHESS COUNTY PUBLIC DEFENDER'S OFFICE; CITY OF POUGHKEEPSIE; and COUNTY OF DUTCHESS,

                              **Defendants.**

---

**APPEARANCES:**                                               **OF COUNSEL:**

**ROBERT E. JOHNSON**
19-A-0763
Cape Vincent Correctional Facility
Route 12E, P.O. Box 739
Cape Vincent, New York 13618
Plaintiff *pro se*

**MCCABE, MACK LAW FIRM**                     **DAVID L. POSNER, ESQ.**
P.O. Box 509
63 Washington Street
Poughkeepsie, New York 12602-0509
Attorneys for Defendant Kevin Prue,
Dutchess County Public Defender

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff, Robert E. Johnson, commenced this action *pro se* in state court, alleging violations of his constitutional rights in connection with his representation in the criminal action leading to his incarceration. *See* Dkt. No. 2. This case was removed to this Court on June 7, 2019. *See* Dkt. No. 1.

On July 23, 2019, the Court received Plaintiff's proposed amended complaint. *See* Dkt. No. 11. Although Plaintiff's amended complaint was docketed on July 23, 2019, it is dated July 17, 2019. *See* Dkt. No. 11 at 5. Pursuant to the "prison mailbox rule," Plaintiff's amended complaint is deemed filed on July 17, 2019. *See Bain v. Cotton*, No. 2:06-cv-217, 2009 WL 1660051, *3 (D. Vt. June 12, 2009). On the same day that the amended complaint was docketed,[1] Defendant Kevin Prue ("Defendant Prue") filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 12. Plaintiff filed papers in opposition to the motion to dismiss on October 11, 2019. *See* Dkt. No. 19. Defendant Prue filed a reply memorandum in further support of his motion to dismiss on October 14, 2019, incorporating arguments in response to Plaintiff's amended complaint as well as Plaintiff's opposition papers. *See* Dkt. No. 20. Presently before the Court is Defendant Prue's motion to dismiss Plaintiff's complaint in its entirety. *See* Dkt. No 12.

## II. BACKGROUND

Plaintiff is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 2 at 2. Plaintiff alleges that Defendant Prue, a Dutchess County Public Defender, was assigned to represent him in Ulster County Court for a charge of assault 2nd in September 2018. *See id.* at ¶ 1. Plaintiff faced a discretionary life sentence if convicted at trial. *See* Dkt. No. 12-3 at 10–13. Plaintiff ultimately pled guilty to attempted assault 2nd, an E felony, on December 6, 2018. *See id.* at 21. This plea resulted in a sentence of two to four years in prison. *See* Dkt. No. 12-4 at 11.

---

[1] Plaintiff's amended complaint added the Dutchess County Public Defender's Office, the City of Poughkeepsie, and the County of Dutchess as defendants. *See* Dkt. No. 11 at 1–2. However, Plaintiff did not add any new facts to the complaint, writing "I would like to keep complaint as is. I only want to amend the Defendants." *Id.* at 2.

Plaintiff alleges that the conduct of Defendant Prue rises to the level of ineffective assistance of counsel and malpractice, which violated his Sixth Amendment rights. *See* Dkt. No. 2 at ¶¶ 4, 12. Plaintiff alleges several instances where Defendant Prue provided ineffective assistance of counsel, including, but not limited to: (1) refusal to file a motion to dismiss a defective indictment; (2) failure to inform the district attorney that the victim of the assault was armed with a knife; (3) an unprofessional mannerism; (4) oversight, carelessness, and laziness; (5) failure to honor Plaintiff's wish to go to trial; (6) failure to return documents to Plaintiff for appeal and parole board purposes; and (7) failure to interview witnesses. *See id.* at ¶¶ 1–11.

Defendant Prue filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on July 23, 2019. *See* Dkt. No. 12. Defendant Prue argues that Plaintiff's claims should be dismissed for failure to state a claim under 42 U.S.C. § 1983 for a Sixth Amendment violation and because Plaintiff's state law claim fails on the merits. *See* Dkt. No. 12-6 at 2–4. Defendant Prue further argues that Plaintiff's proposed amended complaint was futile. *See id.* at 4. Plaintiff filed his amended complaint, as a matter of right, prior to this motion to dismiss, also filing a response to Defendant Prue's motion to dismiss. *See* Dkt. Nos. 11, 19. As such, the Court will discuss the merits of these operative pleadings within.

### III. DISCUSSION

**A.   Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all

reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d

4

289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

B. **Defendant Prue Was Not Acting Under Color of State Law**

Defendant Prue argues that a public defender performing the traditional functions of counsel to a defendant in a criminal proceeding is not a state actor within the meaning of Section 1983, and since Plaintiff brought this action pursuant to Section 1983, his claim should be dismissed. *See* Dkt. No. 12-6 at 5.

Section 1983 provides in part that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.

The Second Circuit has held that "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997). Likewise, the Supreme Court has held that public defenders do not act under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

The amended complaint contains no allegations against Defendant Prue which suggest that he performed any tasks outside of the traditional functions as counsel to Plaintiff in a criminal

5

proceeding. *See* Dkt. No. 11. Accordingly, Plaintiff's amended complaint fails to state a cause of action as Defendant Prue is not a state actor within the meaning of Section 1983. *See Polk Cnty.*, 454 U.S. at 325.

C.      ***Heck v. Humphrey*, 512 U.S. 477 (1994)**

Even assuming that Defendant Prue was a state actor for purposes of 42 U.S.C. § 1983, his claims against all Defendant are still subject to dismissal. Civil lawsuits may not be used to collaterally attack criminal convictions. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for harm caused by other actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* Under *Heck* and its progeny, a "§ 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) ... *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

In the present matter, Plaintiff's claims against all named Defendants all stem from the alleged ineffective assistance of counsel he received in violation of the Sixth Amendment. *See* Dkt. No. 2. Plaintiff claims that, absent Defendant Prue's conduct, he would not have been convicted of the crime underlying his current incarceration. Since Plaintiff has not successfully appealed or collaterally attacked that conviction, his claims against all named Defendants are barred by *Heck*. *See Ramos v. Rust*, No. 6:15-CV-0212, 2015 WL 3915972, *4 (N.D.N.Y. June 25, 2015); *see also Lynch v. Claus*, No. 1:13-cv-830, 2014 WL 298624, *2 (N.D.N.Y. Jan. 28,

6

2014) (holding that the court properly dismissed the plaintiff's claim of ineffective assistance of counsel against the public defender's office under *Heck* since the plaintiff admitted that he had not successfully attacked the underlying conviction on direct appeal or collateral review); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (same).

Because Plaintiff has failed to show that his conviction has been overturned or his sentence invalidated, the Court finds that his claims are barred under *Heck* unless and until such time as Plaintiff's conviction is overturned or his sentence invalidated.

**D.     Municipal Liability**

To the extent that the Dutchess County Public Defender's Office, the City of Poughkeepsie, and the County of Dutchess are now named as defendants, Plaintiff's claim does not set forth any specific allegations as to these entities. "A municipality can only be held liable when the municipality itself commits a wrong, and liability may not be based on a theory of respondeat superior." *Morris v. Jefferson Cnty. Pub. Def.'s Office*, No. 09-cv-1412, 2012 WL 3241288, *4 (N.D.N.Y. Aug. 7, 2012) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). For a municipality to be held liable under this statute, Plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).

As discussed above, until such time as Plaintiff's conviction or sentence are overturned on direct appeal or collateral review, he cannot bring those claims in this Court under 42 U.S.C. § 1983. As such, because *Heck v. Humphrey* prevents a finding that a constitutional violation was committed against Plaintiff, no *Monell* claim can lie against the municipal Defendants. *See*

7

*Jackson v. County of Nassau*, No. 07-cv-245, 2010 WL 335581, *9 (E.D.N.Y. Jan. 22, 2010) (citing cases). Moreover, even if his municipal liability claims were not otherwise barred, they are nevertheless subject to dismissal because he has not alleged that the alleged constitutional violations were caused by a policy of the municipal Defendants.

As such, the Court grants the motion to dismiss as to the claims against the municipal Defendants.

**E.     The Court Declines Jurisdiction Over the State Law Malpractice Claim**

42 U.S.C. § 1367 provides that, if a district court has original jurisdiction over a civil action, then it has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 42 U.S.C. § 1367. The court may decline to exercise that supplemental jurisdiction pursuant to § 1367(c) if:

> (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

42 U.S.C. § 1367(c); *see also Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998). The court's discretion to decline extending supplemental jurisdiction is available if founded upon one of these enumerated categories. *See id.* at 448.

In the instant matter, the Court has dismissed all claims over which it has original jurisdiction. To the extent that Plaintiff is attempting to allege a common law malpractice claim, the Court declines to exercise supplemental jurisdiction.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's motion to proceed *in forma pauperis* is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: October 30, 2019
 Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge